IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-00469 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYED QADRI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION REQUESTING
A JUDICIAL RECOMMENDATION CONCERNING LENGTH OF
RRC/HALFWAY HOUSE OR HOME CONFINEMENT PLACEMENT**

On February 13, 2017, pro se Defendant Syed Qadri ("Defendant") filed his Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House or Home Confinement Placement ("Motion"), in which he seeks a judicial recommendation to the Federal Bureau of Prisons ("BOP") for placement in a halfway house or home confinement for twelve months preceding his release from confinement. [Dkt. no. 760.] On March 13, 2017, Plaintiff the United States of America ("the Government") filed its Statement of No Objection. [Dkt. no. 762.] The Court finds the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

For the reasons set forth more fully below and based upon the memoranda submitted, the pleadings and filings herein,

and the applicable law, the Court HEREBY GRANTS the Motion and RECOMMENDS Defendant's placement for: 1) the maximum time permitted (which is twelve months) in community confinement (such as a halfway house); or 2) six months of community confinement (such as a halfway house) and the maximum time permitted (which is six months) of home confinement preceding Defendant's final months of confinement pursuant to his fifty-one month sentence of imprisonment.

## BACKGROUND

In brief, the background of this case is as follows: Defendant was indicted on August 31, 2006.  [Dkt. no. 1.]  He was arraigned on September 1, 2006, and later pled guilty pursuant to a memorandum of plea agreement.  [Dkt. nos. 16, 546, 549.]  His guilty plea was accepted on January 26, 2012.  [Dkt. no. 566.] On September 13, 2012, his plea agreement was accepted, and he was sentenced on Count 4 of the Second Superseding Indictment. [Dkt. no. 625.]  He was sentenced to a term of imprisonment of fifty one months, followed by a term of supervised release of two years.  [Dkt. no. 641.]  Defendant, pursuant to the plea agreement, appealed the denial of his motion to dismiss based upon the Speedy Trial Act.  The notice of appeal was filed on October 10, 2012, and the Ninth Circuit Court of Appeals affirmed the ruling on March 14, 2014.  [Dkt. nos. 654, 702.]

During the pendency of the appeal, Defendant was permitted to remain, on bond, in the community.  [Dkt. no. 649.] Defendant is now serving his term of imprisonment, and his current projected release date is November 15, 2018.  [Motion at 2.]

## DISCUSSION

Once Defendant was sentenced to the fifty-one month term of imprisonment, he was committed to BOP's custody until the expiration of that term.  See 18 U.S.C. § 3621(a).  BOP has the authority to transfer an inmate to any penal or correctional facility at any time.  § 3621(b).  As to placement in community correctional facilities (such as a halfway house), the law provides:

> **(c) Prerelease custody.** –
>
> **(1) In general.** – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c).

To the extent that BOP is mandated to consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate" in designating Defendant's placement of imprisonment, see § 3621(b)(4)(B), the Court HEREBY RECOMMENDS to BOP that it designate and place Defendant: in a community correctional facility (such as a halfway house) for the maximum time permitted (which is twelve months) of his final months of his fifty-one month term of imprisonment; or in a community correctional facility (such as a halfway house) for six months and in home confinement for the maximum time permitted (which is six months) for a total of twelve months of his final months of his fifty-one month term of imprisonment.

The Court's recommendation is based on Defendant's good conduct and compliance with release conditions during his pretrial release from 2006 to 2012, and during his release pending appeal from 2012 to 2014.  Further, Defendant has no prior criminal history.  The Court commends Defendant on his efforts in rehabilitating himself, such as taking classes while incarcerated, and FINDS that his request is both credible and motivated by a desire to reintegrate into our society as a positively contributing and law-abiding member.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House or Home Confinement Placement, filed February 13, 2017, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 15, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SYED QADRI; CR 06-00469 LEK; ORDER GRANTING DEFENDANT'S MOTION REQUESTING A JUDICIAL RECOMMENDATION CONCERNING LENGTH OF RRC/HALFWAY HOUSE OR HOME CONFINEMENT PLACEMENT**